FILED
U.S. DISTRICT COURT
DISTRICT OF MARYLAND

2016 FEB -3 P 3: 53

CLERK'S OFFICE
AT GREENBELT
BY_____DEPUTY

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
Southern Division

JAMES HOUCK, # 421024, # 1474477,

    Plaintiff,

v.

    Case No.: GJH-15-3816

WEXFORD HEALTH SERVICES, *et al.*,

    Defendants.

\* \* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM OPINION

On December 14, 2015, James Houck, an inmate at the Western Correctional Institution in Cumberland, Maryland, filed a handwritten paper titled "Order" which he supplemented the following day. ECF Nos. 1–3. In these filings, Houck, a frequent self-represented litigant in this Court,[1] claims that he is in danger of harm in prison. *Id.* Houck claims that on December 5, 2015, his fellow inmate, Saxton Roland, threatened to kill him. Additionally, he asserts that his breasts have enlarged to "female breasts" due to the fact he was prescribed Risperdal in prison. He claims he told Dr. R.J. Barrera that he has suffered side effects as a result of taking Risperdal. He complains generally that Wexford Health Sources, Inc.,[2] has provided him with poor medical service. Houck seeks damages, assignment to protective custody or single cell housing, and transfer to a different correctional institution. *See* ECF No. 1.

---

[1] *See Houck v. Warden*, Civil Action No. GJH-15-3639; GJH-15-1883 (consolidated with GJH-15-1912 and GJH-15-2051); *Houck v. Warden*, Civil Action No. GJH-14-3907.

[2] Houck names "Wexford Health Services, Inc.," as a defendant. The proper name of the corporate contractor for medical services at Western Correctional Institution is Wexford Health Sources, Inc.

As it appears Houck intends to file a Complaint, his filings will be treated accordingly. *See Erickson v. Pardus*, 551 U.S. 89, 94, 127 S. Ct. 2197 (2007) (stating a document filed pro se is to be liberally construed, and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers). Houck's filings, however, are unaccompanied by the requisite filing fee or a motion to proceed in forma pauperis. Requiring Houck to cure the deficiency in the instant matter would be futile and merely delay resolution of this case because the Complaint essentially repeats claims already presented in *Houck v. Wexford Health Sources, Inc., et al.*, Civil Action No. GJH-15-3639 (D. Md.), a case under review in this Court.[3] Indeed, the self-represented litigant may have intended these filings to be docketed in case GJH-15-3639, but failed to so specify. Houck is again reminded that he must write the case number on all documents he files, unless his intention is to file a new and separate case. *See e.g., Houck v. Wexford Health Sources, Inc., et al.*, Civil Action No. GJH-15-3639, ECF No. 5.

Accordingly, the instant matter will be dismissed without prejudice in the interest of judicial economy. The Complaint and supplements, ECF Nos. 1, 2 & 3, in this case and this Order shall be added as a supplement to the Complaint in Civil Action No. GJH-3639. A separate Order follows.

2/3/2016
Date

GEORGE JARROD HAZEL
UNITED STATES DISTRICT JUDGE

---

[3] In Civil Action GJH-15-3639, Houck's claim that his cellmate threatened him with harm was dismissed without prejudice and counsel was ordered to file a status report concerning Houck's safety and housing status. Houck's medical claim in that case is proceeding for service on Defendants.